**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

TRAVIS PHILMLEE, SR.                                                                                    PLAINTIFF

V.                                        NO: 4:10CV00221 BSM/HDY

KARL BYRD *et al.*                                                                                      DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

      The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

      If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District

        Judge (if such a hearing is granted) was not offered at the
        hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, a former detainee at the Faulkner County Detention Center ("FCDC"), filed a *pro se* complaint on April 2, 2010, naming as Defendants Faulkner County Sheriff Karl Byrd, and Maj. Bobby Brown, Capt. John Randall, Lt. Lloyd Vincent, and Dr. Garry Stewart, all of the FCDC. An evidentiary hearing was held on October 20, 2010. Plaintiff appeared and testified. Also appearing and testifying were Randall, who is the FCDC's assistant administrator, former FCDC detainee Ryan Jordan, and current FCDC detainee Christopher Umphries. Following the presentation of testimony by the parties, the preponderance of the evidence causes the Court to enter the following findings and recommendations.

### I. Facts

Plaintiff was booked into the FCDC on January 24, 2010, where he remained until his release on May 24, 2010. At the hearing, Plaintiff offered a laundry list of complaints regarding various conditions at the FCDC. Plaintiff complained that he was not offered a free phone call when he was

initially booked into the FCDC; that his mail was delayed; that he was denied access to the law library; that he was not provided with continuous access to his mat and blanket throughout the day; that he was denied adequate sleep time due to noise, late night talking, singing, and fighting, early medical and mail calls, lighted cells, and noise caused by other detainees being brought into the facility; that the food served was insufficient for an adult; that female jail staff members watched him and other in the showers; that he was housed with dangerous felons; that grievances were not answered; and that he was not provided with a written copy of the FCDC's rules.  Because none of the objectionable conditions Plaintiff described amounts to a constitutional violation, his complaint should be dismissed.

## II. Analysis

Plaintiff was a pre-trial detainee at the time of the events at issue in this complaint. Therefore, Plaintiff's claims are analyzed under the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment.  *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003). Defendants violated Plaintiff's due process rights if the jail's conditions of confinement constituted punishment.  *Id*.  However, because, "[u]nder the Fourteenth Amendment, pretrial detainees are entitled to 'at least as great' protection as that afforded convicted prisoners under the Eighth Amendment," courts apply the identical deliberate-indifference standard as that applied to conditions-of confinement claims made by convicts.  *Id*. (quoting *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)); *see also Whitnack v. Douglas County*, 16 F.3d 954, 957 (8th Cir. 1994).

To prevail on a conditions of confinement claim, inmates and pretrial detainees must show: (1) the condition was serious enough to deprive them of the minimal civilized measure of life's

necessities, or to constitute a substantial risk of serious harm, and (2) officials were deliberately indifferent to the inmates' or detainees' health and safety. *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir.1996); *Frye v. Pettis County Sheriff Dept.*, 41 Fed.Appx. 906, 907 (8th Cir. 2002)(unpub. per curiam).

Phone and mail issues

Although Plaintiff claims he was not given a free phone call until almost a month after his arrival at the FCDC, he conceded that he was allowed to use a phone earlier, though it was not free. Although Plaintiff claimed that FCDC officials would not provide him with a telephone directory, Plaintiff has identified no reason the constitution would require them to provide one to him. Additionally, Plaintiff testified that his mail was delayed for as much as eight days. Plaintiff claimed that mail sent by family members has been returned for having the wrong color ink or paper, and that he is not allowed to have pictures drawn by relatives, or photographs. Randall testified that the mail is received in the county judge's office, then sent to prison officials for screening and forwarded to the detainees. Randall further testified that pictures are not allowed because they can lead to fights among detainees who may have the same loved one, and colored ink is not allowed because it can be used as a vehicle to send detainees drugs. Based on the evidence presented, the FCDC's mail policy is reasonable, and the restrictions Plaintiff described are not constitutional violations. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir.1985) (prison officials can reasonably limit prisoner's mail and phone privilege when necessary to maintain security and can place reasonable limitations on prisoners' rights to communicate with people outside prison).

Interfering with mail also raises the possibility that Plaintiff's court access was denied. Plaintiff directly asserted that he was also denied access to the law library. To prevail on such a

claim, Plaintiff must demonstrate an injury, which he has not. *Lewis v. Casey*, 518 U.S. 343, 350-353 (1996). When questioned, Plaintiff claimed that he has been harmed in this case by the denial of law library access. However, Plaintiff has been able to pursue this case to an evidentiary hearing, and there is no indication he was prejudiced in this case or any other as a result of any mail or law library policy.

Mats and blankets

Plaintiff complained that he was denied continuous access to a mat and blanket throughout the day. However, Plaintiff conceded that he always received them at night. Randall testified that the mats are taken after breakfast, which is served between 4:30 a.m. and 5 a.m., and are returned at 10 p.m.[1] Plaintiff claimed that this causes him great discomfort because of his arthritis. Randall testified that detainees can have continuous mat access if a physician has deemed it necessary, but Plaintiff provided no evidence from any medical professional that a mat was medically necessary. In a related claim, Plaintiff asserted that the cells at times were as cold as 40 to 50 degrees, which also aggravated his arthritis. However, Plaintiff admitted that his temperature estimate was "totally a guess," and his estimate was contradicted by the testimony offered by both Randall and Umphries. Even if the temperature was low, Plaintiff presented no evidence of any harm he suffered as a result of the low temperatures.[2]

---

[1] In his complaint, Plaintiff claimed the mats were taken from 6 a.m. to 7 p.m. (docket entry #2, page #7).

[2] This recommendation should not be construed to offer any recommendation relating to the medical care at the FCDC, which Plaintiff appears to be pursuing in *Philmlee v. Byrd et al*, 4:10CV176.

5

Sleep interference

Plaintiff cited a number of things which, he complained, interfered with his sleep, including early medical checkups and mail calls, loud detainees, lights being left on in the cells at night, and new arrivals coming to the FCDC at all hours.  Testimony at the hearing indicated that while some lights are left on at night, they are dimmed, and others are turned off.  Randall testified that some of the lights are on to ensure that detainees needing to use the restroom at night can safely do so, and that lights are left on in the guard's area as well.  Nothing about the lighting procedures denied Plaintiff the minimal civilized measure of life's necessities, or constituted substantial risk of serious harm.  Other problems Plaintiff cited are merely daily activities which may be somewhat noisy and disagreeable, but are inherent in the environment of a detention center.

Inadequate food

Plaintiff complained that the food he was served was not sufficient to meet the needs of an adult.  Plaintiff was approximately 5'11" tall and weighed approximately 240 pounds when he entered the FCDC, and claims he lost 9 pounds within a couple of weeks.  However, Randall testified that the FCDC meals are set by a certified dietician, and Plaintiff conceded his claim that the meals were inadequate was a "general consensus."  Regardless, Plaintiff offered no evidence of any harm as a result of the FCDC food program, and has failed to demonstrate a constitutional violation.

Observation by female guards

Plaintiff made much of the fact that some female guards observe detainees as they shower. The mere fact that female guards were able to observe Plaintiff while he showered is not a constitutional violation.  *See Timm v. Gunter*, 917 F.2d 1093, 1102 (8th Cir. 1990).  Plaintiff may

be attempting to advance a sexual harassment claim. Sexual harassment or abuse of an inmate by a prison guard may in some circumstances constitute the unnecessary and wanton infliction of pain which is forbidden by the Eighth Amendment. *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997). However, the Eighth Circuit has indicated that harassment without any physical contact is insufficient to constitute the unnecessary and wanton infliction of pain. *Howard v. Everett*, 208 F.3d 218 (unpub. table op.)(8th Cir. 2000)(internal citations omitted). Plaintiff testified that he was never touched by any of the guards in a sexually inappropriate manner, and has no claim.

Housing with dangerous felons

Plaintiff argued that he was at times housed with dangerous and mentally unstable men, including a convicted murderer. However, Plaintiff also testified that he was never harmed by anyone with whom he was housed, although he feared he could have been assaulted. Without a physical injury, mental or emotional injuries are not actionable. *See* 42 U.S.C. § 1997e(e). Plaintiff had no actionable injury, and because he is no longer incarcerated at the FCDC, there is no concern of future harm. Accordingly, Plaintiff has no constitutional claim with respect to being housed with dangerous or mentally unstable individuals.

Grievances and access to jail policy

Although Plaintiff complained that his grievances were sometimes unanswered, such a failure by FCDC staff members is not itself a constitutional violation. *See Buckley v. Barlow*, 997 F.2d 494 (8th Cir. 1993)(per curiam) (holding that prison officials' failure to process inmates' grievances, without more, is not actionable under section 1983). Likewise, Plaintiff's lack of a written copy of FCDC rules, and his limited access to rules which were displayed on the unit television is insufficient to establish a constitutional violation. There is no evidence Plaintiff was sanctioned for

any rule violation, and, even if Defendants violated FCDC rules, it is not a constitutional violation. *See Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy).

Other complaints

Plaintiff complained of various other alleged deficiencies in the FCDC environment, such as the television programming, exercise yard adequacy, overpriced commissary items, and unsanitary conditions in temporary holding cells, but identified no harm he sustained as a result of any such condition. In the final analysis, Plaintiff at most demonstrated that the FCDC may be an unpleasant place, but he failed to introduce any evidence to establish a constitutional violation. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (the constitution does not mandate comfortable prisons, but prohibits inhumane ones). Accordingly, Plaintiff's complaint should be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2. All pending motions be DENIED.

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this order or any judgment entered hereunder, would not be taken in good faith.

DATED this   21   day of October, 2010.

_____
UNITED STATES MAGISTRATE JUDGE